976 F.2d 740
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John MILLER, Petitioner-Appellant,
v.
Duane SHILLINGER; Attorney General of the State of Wyoming,
Respondents-Appellees.
 No. 92-8026.
 United States Court of Appeals, Tenth Circuit.
 Sept. 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant John Miller appeals the district court's order denying his petition for writ of habeas corpus. Mr. Miller contends that the district court erred in rejecting each of his four grounds for relief. Each ground is based on the claim that Mr. Miller was provided ineffective assistance of counsel at trial and on appeal.
 
 
 3
 After reviewing the record and the briefs, we affirm for substantially the same reasons as the district court. We choose, however, to further address Mr. Miller's eighth and ninth arguments on appeal, which allege that the trial court erred in failing to hear his complaints regarding trial counsel and in failing to appoint new trial counsel.
 
 
 4
 Mr. Miller contends that the trial court should have taken judicial notice of the fact that, during the course of his trial, this circuit had affirmed the grant of a writ of habeas corpus in an unrelated case because Mr. Miller's trial counsel had provided another prisoner with ineffective representation. Mr. Miller asserts that the case was widely reported in the press, and argues that the trial court should have taken notice of these events and either further investigated his complaints or appointed new counsel.
 
 
 5
 We reject these arguments. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. 668, 690 (1984). It is thus irrelevant whether the trial court was aware of this circuit's decision in the other case. In his two notes to the trial court, Mr. Miller did not identify any specific facts to support the contention that his trial counsel was providing him with ineffective representation. In its reply to Mr. Miller, the trial court invited him to elaborate, but he did not respond to that invitation. In light of these facts, it was not an abuse of the trial court's discretion to refuse to appoint substitute counsel for Mr. Miller. See United States v. Johnson, 961 F.2d 1488, 1490 (10th Cir.1992). Accordingly, we AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3